B. A. WALLACE et al., Trustees, Appellees; EMMA A. MITCHELL, Executrix, Appellant, v. FARMERS' EXCHANGE COMPANY, Appellee.

PARTIES: Defendants—Impleading to Escape Double Liability. A party who is unable to determine to which of two contending parties he is liable on a transaction, and finds himself defendant in two separate actions by the rival claimants, and thereby imperiled by a double liability, may move for, and should be granted, an order impleading in each action the plaintiff in the other action;

and it matters not that one party is suing *in tort*, and the other *on contract*.

**PARTIES: Defendants—Impleading Order—Waiver.** A plaintiff in one action who is, by court order, impleaded in another rival action involving the same subject-matter, may not complain of such order when he appears, as ordered, and stipulates that the party obtaining the order may pay his obligation into court and go hence without further liability.

**NEW TRIAL: Misconduct of Juror—Finding by Court.** A finding by the court on conflicting testimony as to the misconduct of a juror, is conclusive on appeal.

*Appeal from Floyd District Court.*—C. H. KELLEY, Judge.

MARCH 11, 1924.

THIS was originally an action by the plaintiffs against the Farmers' Exchange Company. This defendant by answer and motion impleaded Z. T. Mitchell, as one who claimed an interest in the controversy. Upon issues joined, the controversy was litigated between the plaintiffs and Mitchell, and a verdict and judgment were rendered for the plaintiffs. Mitchell has appealed.—*Affirmed.*

*F. & F. M. Linnell*, for appellant.

*T. A. Beardmore, J. C. Campbell,* and *Senneff, Bliss, Witwer & Senneff*, for appellees.

EVANS, J.—The title adopted in the printed record is somewhat confusing. We shall, therefore, refer to the parties by name, rather than as plaintiff or defendant. Wallace and two others were joint landlords, as trustees, who leased a farm to Sweet (not a party) as tenant. Sweet sold grain from the leased farm to the Farmers' Exchange Company, of the value of $1,599.38. Sweet assigned the proceeds to Mitchell, pursuant to which Mitchell obtained a check for the amount from the Farmers' Exchange Company. Wallace *et al.* claim a landlord's lien upon the grain for an amount in excess of the sum due from

1. PARTIES: defendants: impleading to escape double liability.

the Farmers' Exchange Company. Thereupon, the Farmers' Exchange Company stopped payment of the check. Thereafter, Mitchell brought an action against the Farmers' Exchange Company upon the check. A few days later, Wallace *et al.* brought an action against the same company, asking to recover either the proceeds of the sale or the value of such grain, which was averred to be $1,599.38. These two pending actions are referred to in the record respectively as No. 8563 and No. 8575.

The Farmers' Exchange Company answered in each case. In the first case, it asked to implead Wallace *et al.*, as parties interested in the controversy. In the second case, it asked to implead Mitchell, as a party interested in the controversy. In each case, the Farmers' Exchange Company conceded its liability for $1,599.38 to one contending party or the other. The trial court entered an order in the case at bar impleading Mitchell, as prayed. Whether a similar order was entered in the first case does not appear. Mitchell appeared herein and filed an answer, wherein he set up his claim against the Farmers' Exchange Company, and made his petition in No. 8563 a part of his answer herein. He made issue also upon the petition of Wallace *et al.*, and pleaded that they had, by oral agreement and by conduct, waived their landlord's lien upon the grain sold to the Farmers' Exchange Company. By the same answer, Mitchell challenged the power of the court to implead him herein, and averred that it amounted to a misjoinder of causes of action. He pleaded therein also a prior action pending, and asked an abatement and dismissal of the present suit. Afterwards, and at the opening of the trial, the parties entered into the following stipulation:

"By agreement of parties, the Farmers' Exchange Company, defendants, may pay to the clerk of this court the sum of one thousand five hundred ninety-nine and 38-100 ($1,599.38) dollars, with interest thereon at 6 per cent from March 1, 1921, to be held by the clerk without prejudice to the rights of the plaintiff or Z. T. Mitchell, and subject to the further orders of the court; *such payment to be in full of all claims involved in this suit against said Farmers' Exchange Company.*"

Thereupon, the trial proceeded as a controversy solely between Wallace *et al.* and Mitchell. The disputed fact litigated

was whether Wallace *et al.* had waived the landlord's lien, either by express agreement or by conduct.

I.    The specific errors assigned as grounds of reversal are reducible to two propositions:

1.    That the order of the trial court impleading Mitchell in this case was erroneous, in that it resulted in a misjoinder of causes of action.

2.    That the evidence was conclusive as to the facts, and that the court should have directed a verdict thereon for Mitchell.

In support of the first proposition, the argument is that Mitchell's action was upon the check, and that the suit at bar is an action for damages, and that they could not, therefore, properly be joined. The impleading order was made pursuant to Code Section 3462, which provides as follows:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved in the action, except as otherwise provided."

Strictly speaking, the actions were not joined, although the practical result of the order was to adjudicate the material issues of both in the trial of one action. Both actions were brought in the same court against the same defendant. The defendant was put in peril of double liability. In the absence of an impleading order, no adjudication which might be obtained in the trial of one case would operate as a binding adjudication in the other. The Farmers' Exchange Company conceded its liability to each plaintiff, provided it was not liable to the other. The only defense which it could interpose in the first action was to say that the property sold to it by Sweet was incumbered for its full value. This would have been a good defense against Sweet. Mitchell stood in the shoes of Sweet. On the other hand, the only defense which it could have made in the second action was to say that Wallace *et al.* had waived their landlord's lien. The respective defenses in each case would have been affirmative. They were necessarily contradictory; and yet the burden would have been upon the defendant to prove each of them successively, in order to protect itself against double liability. It was for the purpose of meeting just such a situation that Sec-

tion 3462 was enacted. Though the first action was upon a check, and the second an action for damages for conversion, yet the only real "controversy" presented was whether the landlord's lien was still existing at the time of the sale of the grain, or whether it had been waived. In the first action, Mitchell would affirm the waiver, and in the second, Wallace *et al.* would deny it. The effect of the impleading order was to bring the affirmance and denial face to face.

We hold that the impleading order was fully warranted by Section 3462.

It is further to be observed that the stipulation entered into of itself completely disposed of the question. The fact that it was entered only in the second action is not material. It is

2. PARTIES: defendants: impleading order: waiver.

enough that it was entered into by Mitchell, and in an action to which he had become a party. It was within the power and proper discretion of the court to order all the contending parties impleaded in each action and to order the trial of the issues in *one,* and that the trial of the other be deferred, to abide the result of such trial. A trial and judgment in *either* action in such case would have been binding on all, because the controversy in issue was decisive in each case. This issue as to the waiver of the landlord's lien was submitted by the court upon instructions against which no errors are assigned on this appeal.

II. At the close of the evidence, Mitchell filed a motion for a directed verdict, upon the evidence. It is sufficient to say that upon this record he was not entitled to it. The evidence on the issue of fact was by no means conclusive.

III. One ground of the motion for a new trial was predicated on the misconduct of a juror, in that he imparted information in the jury room. The fact thus alleged was supported by

3. NEW TRIAL: misconduct of juror: finding by court.

affidavit and was denied by counter affidavits, and the issue was thus submitted to the trial court. The ruling of the court amounted to a finding of fact adverse to the appellant, and is not reviewable here. The judgment below is, accordingly, affirmed.—*Affirmed.*

ARTHUR, C. J., PRESTON and FAVILLE, JJ., concur.